The opinion of the court was delivered by
Make, J.
In 1874 Welden recovered judgment, in the United States Cirouit Court, against the Police Jury of Concordia parish, on obligations for work done, before 1861, in building a bridge, a jail, and other public edifices. This judgment was the result of a compromise by which the debt was diminished more than one third: the interest was reduced from eight to five per cent; and the payments were divided into five equal annual instalments.
In accordance with the then existing law, act of 1869, No. 69, Rev. Stats, sections 2628, 29, 30, it was decreed that the Police Jury levy the necessary tax to meet these instalments as they should become exigible: and, as thus rendered, the judgment was “ formally and fully consented to and ratified by ordinances of the Police Jury.” The tax was levied and applied to the judgment until 1878, when, in consequence of the act No. 96, approved April 20, 1877, the Police Jury refused to levy it. Thereupon the judgment creditor proceeded in the Circuit Court, by mandamus. The Police Jury set up and relied upon section 103 of this aot, which repealed all general laws authorizing the levy of special or judgment taxes; and restricted parochial taxation, throughout the State, to the maximum of one per cent, provided, that, on the written application of a majority in value of the tax-payers of a parish, the Police Jury shall be authorized to levy additional taxes, not in excess of five mills. On hearing the court held this act to be unconstitutional, in *766 so far as this pre-existing judgment was concerned; and the mandamus, requiring the Police Jury to levy the tax, was made peremptory.
Peter Young recovered judgment in the District Court of the State, for the Parish of Concordia, on the sixth April, 1877, against the Police Jury, on obligations and evidences of debt, alleged to have been for current parish expenses, for the years 1873 to 1877, inclusive. By consent the amount was made payable in five annual instalments, bearing interest at five per cent, from the date of the judgment, instead of from the maturity of the obligations, respectively, as prayed for: and in Accordance with the act of 1869, then in force, the judgment ordered the^ parish officers, whose duty it is to assess taxes for the parish, forthwith to assess a tax, at a sufficient rate per cent, on the assessment roll of the current year, to pay and satisfy the first instalment; and to make similar assessment to meet the other instalments as they, respectively, should fall due.
In obedience to these mandates of the United States Court and of the State Court, the Police Jury, by ordinances of July 15 and August 19,1878, levied a tax of seven and eight tenths mills, and another tax of two and one third mills, to meet instalments on the Welden and Peter Young judgments ; and the tax collector was endeavoring to collect these taxes when Shields, a tax-payer, brought this suit in the parish court of Concordia, against the tax collector, and obtained an injunction arresting further proceedings as to him.
■The petition charges that the ordinances and proceedings of the Police Jury and the tax collector are illegal, null, and void, because they are in violation of section 103, of the act 96, of 1877 ; that petitioner has already paid or tendered to the collector the amount of the general parish tax assessed on his property, ten mills, and a special parish levee tax of two mills; and that there is no special act of the Legislature, and no written application of a majority in value of the tax-payers to justify the Police Jury in imposing, and the tax collector in collecting any additional tax.
The tax collector sets up and relies upon the judgment of the United States Court, making the mandamus peremptory as res adjudicóla, so far as the Welden claim is concerned. With respect to the Peter Young judgment, he denies that the act of 1877 is applicable, because:
1. The tax of ten mills is not more than sufficient to pay the current expenses of the parish ; and the judgment could never be paid out of the funds produced by such assessment;
2. That the act of 1869-was in force at the time the judgment was rendered ; and the Police Jury in assessing the tax complained of but endeavored to carry it into effect.
3. That the act of 1877 is' unconstitutional and without effect as to *767 the tax levied to pay the Peter Young judgment: that it impairs the obligation and destroys his rights under it; and interposes a perpetual bar to the recovery of his judgment, and, therefore, violates the constitutions of the United States and of the State of Louisiana.
The parish judge held the act of 1877 to be in violation of art. 1, sec. 10, clause 1, of the Constitution of the United States, and art. 110 of the constitution of Louisiana ; and he dissolved the injunction, and ordered the collector to enforce payment of the tax enjoined.
• It will be observed that the suit is based, and the injunction was obtained, on the single ground that the ordinances of the Police Jury, and the proceedings of the tax collector, are illegal, null, and void, because they “ conflict with and are in violation of the provisions of section 103, of the act No. 96,” etc. The plaintiff does not attack either the Welden judgment or that in favor of Peter Young; nor could he have attacked either in the parish court, because the amount of each judgment is far in excess of the jurisdiction of the parish court; and because the action to annul a judgment must be brought in the court in which it was rendered.
The argument in this Court has taken a much wider range than the pleadings justify. Counsel for appellant contends that the presumption is conclusive, from the fact that the claims of Welden and Young have not been paid, that the debts were contracted in violation of the act of 1853, re-enacted in 1855, and in the Revised Statutes, section 2786, etc., which forbids police juries to contract any debt or pecuniary liability, without fully providing in the ordinance creating the debt, the means of paying the principal and interest. The argument is that if they had been fulhj provided for, they would have been paid.
But this is not necessarily true. It was admitted that the Welden debt was contracted when the taxable property of the parish was estimated at $14,000,000, whereas it is now only $1,250,000. The legal presumption, in the absence both of allegation and proof to the contrary, would be that the police jury did not violate the law; and that ample provision was made, in the ordinances authorizing the building of the bridge, the jail, and the other public edifices, to pay the debt thus contracted. A very low rate of taxation on $14,000,000 of taxable value, would have sufficed; but that rate would be wholly inadequate, when the taxable value was reduced to $1,250,000.
It is not possible for the police jury to know, in advance, precisely what the parish expenses for the current year will be. These expenses are provided for in the annual budget, by appropriation, out of the annual tax; and the rate of taxation is based upon the estimated amount of the current expenses, and other debts to be paid during the year. The current expenses will, necessarily, fluctuate in different *768 years; and they can not, in the nature of things, be provided for, in advance, otherwise than estimatively. The sum thus appropriated and raised might be ample; and yet all the current expenses of the year might not be paid, either because all the tax levied is not collected, or because the necessary expenses have been in excess of the amount fixed in advance by estimation, or because the money collected has been diverted to other uses.
The Act of 1853 can not be applied strictly to the current expenses of the parish, because the amount must always be conjectural. All that the law requires, or could reasonably require with respect to them, is, that the Police Jury shall fix, by estimation, the amount which will be required to meet the current expenses, and appropriate and levy such tax as will raise that amount. If the amount thus raised should not suffice, the only consequence would be that the' police jury would be bound to supply the deficiency in subsequent annual budgets.
The fact that the judgments in favor of Welden and Young were ■the results of compromises with these creditors, in no manner impairs their validity. In the one case the parish obtained a large reduction of the debt, and of the rate of interest: in the other case all the interest which had accrued up to the date of the judgment was remitted ; and in both cases the tax-payers were relieved of the oppressive burden of paying these judgments in full, at once, by dividing them into five annual instalments.
No such issues, however, were made in the pleadings: no such questions were passed upon by the parish court; and they can not be originated in this court. The legal presumption is that every judgment of a competent court, rendered contradictorily, is in accordance with the law and the evidence; and if the legality of the claims on’which the two judgments in question were rendered could now be controverted, it certainly has not been done in this case: nor could it be done in the parish court, in a suit against the tax collector alone, on which the ordinances of the police jury levying the taxes required by the judgments» are attacked upon the single ground that they violate section 103 of Act 96, of 1877.
The judgments vested in Welden and Young, respectively, the right to be paid the amounts awarded to them, in the five instalments agreed, upon. At the time these judgments were rendered the only means of enforcing the payment was that prescribed by the Act of 1869, by assessments to be made for that purpose. When the Legislature subsequently repealed all general laws authorizing the levy of a special or judgment tax, and fixed the masdmum of parochial taxation at one per cent, a rate which, it was admitted in this ease, was not more than sufficient to pay the current expenses of the parish, it either intended that *769 this law should apply only to judgments rendered in future, or it attempted to deprive these judgment creditors of all remedy; and to divest the rights vested in them by the judgments. It was no more Within the power of the Legislature to deprive these creditors of the benefit of that part of their respective judgments which ordered the levy of the tax to pay the instalments as they should become exigible^ than it would have been to reduce the amount, or the rate of interest fixed by the judgments.
In all fairness, and in legal intendment, it must be presumed that the Legislature did not intend to violate either the Constitution of the United States or of the State. The Constitution of the United States forbids a State to pass any law impairing the obligation of contracts. Art 1, sec. 10, elause 1. The constitution of Louisiana, art. 10, declares that every person, “ for injury done to him in his lands, goods, person, or reputation, shall have adequate remedy by due process of law : ” and art. 110 declares, that “no retroactive law, or law impairing the obligation of contracts, shall be passed ; nor vested rights be divested, unless for purposes of public utility and for adequate compensation made.” To apply the Act of 1877 to these pre-existing judgments, and the vested rights resulting from them, would be to violate the letter and spirit of these constitutional provisions; and would be in excess of legislative, power.
The preliminary injunction should not have been granted; and! fib might well have been dissolved on other grounds. The enforcement of" a judgment belongs to the court in which it was rendered ; and the parish court had no power or authority to enjoin the execution of the judgment of the United States Court, or of the State District Court. The-, enforcement of a judgment c'an not be arrested by injunction without', making the judgment creditor a party. The tax collector was ineapahlft; of standing in judgment alone in a suit to enjoin the collection of a fax: levied to pay a judgment; and if the injunction had been maintained, in this case, it would have been no obstacle to a proceeding in the United States Court, at the instance of Welden, against the police jury for contempt; nor would it have prevented a mandamus, and subsequent proceeding for contempt, at the.instance of Young, in the District, Court, to enforce the levy and collection of the tax. ’
The judgment appealed from is, therefore, affirmed with costs.
Rehearing refused.